9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone POWE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert JUAREZ, Defendant-Appellant.
 Nos. 92-50422, 92-50447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Oct. 28, 1993.
 
 1
 Before: BROWNING, FARRIS, and KELLY,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Tyrone Powe and Robert Juarez appeal their convictions for conspiracy in violation of 18 U.S.C. § 371 and theft of funds from a government project in violation of 18 U.S.C. § 666. Powe also appeals his conviction for providing a false statement on a tax return in violation of 26 U.S.C. § 7206(1). We affirm.[1]
 
 I. MOTION TO STRIKE SURPLUSAGE
 
 4
 The trial judge did not abuse his discretion by rejecting Powe's motion to strike Overt Act # 39. The prosecution charged and sought to prove that, in furtherance of the conspiracy, Powe lied to gain legal access to residences from which he stole money. The falsity of Powe's statements was relevant to the charge. U.S. v. Terrigno, 838 F.2d 371, 373 (9th Cir.1988).
 
 II. ADMISSION OF PREINDICTMENT TAPE
 
 5
 The admission of the tape of Powe's conversation with Bartlett did not violate Powe's Fifth or Sixth Amendment rights. The Fifth Amendment does not apply because Powe was not in custody when the conversation occurred and was recorded. Oregon v. Mathiason, 429 U.S. 492 (1977). The Sixth Amendment does not apply because Powe had not been arrested or indicted when the recording was made. U.S. v. Kenny, 645 F.2d 1323, 1338 (9th Cir.1981) ("[T]he right to counsel is not viewed to attach prior to the initiation of adversary judicial proceedings against an accused.").
 
 
 6
 III. ADMISSION OF POWE'S FALSE STATE COURT TESTIMONY
 
 
 7
 The denial of Powe's motion to exclude his perjured state court testimony did not violate Fed.R.Evid. 404(b) or 403. Evidence of actions committed "in the course of conduct with which [the defendant] was charged" is not evidence of "other crimes" under Rule 404(b). U.S. v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir.1992). Since Powe's perjured testimony was given in an attempt to conceal the Nieto theft and preempt suspicions that might impair efforts to steal more money in the future, it was probative of Powe's involvement in the ongoing conspiracy and his consciousness that taking the money was illegal. Ramirez-Jiminez, 967 F.2d at 1327. The trial judge implicitly balanced the probative value and prejudicial effect of the evidence under Rule 403. Admission of the testimony was not an abuse of discretion. U.S. v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987).
 
 
 8
 IV. REQUEST FOR DISCOVERY OF GOVERNMENT MEMORANDA
 
 
 9
 The government properly denied Powe's request for discovery. Exculpatory evidence must be disclosed to the defense only if it is "material." United States v. Agurs, 427 U.S. 97, 105-06 (1976). Impeachment evidence is "material" only if not otherwise available to the defense. U.S. v. Claiborne, 765 F.2d 784, 803 (9th Cir.1985). Since the information contained in the government memoranda was revealed at trial and was used by the defense to impeach Bartlett's testimony, the memoranda themselves were not "material" to the outcome of the trial.
 
 V. ADMISSION OF GARNER'S PRIOR THEFTS
 
 10
 The admission of the evidence of Garner's prior misconduct was not an abuse of discretion. U.S. v. Wellington, 754 F.2d 1457, 1465 (9th Cir.1985). The evidence was used only against Mrs. Garner; the jury was instructed not to consider it against Powe or Juarez. U.S. v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993).
 
 VI. SUFFICIENCY OF EVIDENCE AGAINST JUAREZ
 
 11
 Juarez claims the government presented insufficient evidence that the Los Angeles Sheriff's Department received over $10,000 "in any one year period" from "a federal program" as required by 18 U.S.C. § 666. The government need not prove the money stolen was the money given by the Federal Government to the Sheriff's Department. It is sufficient that the agency from which the money was stolen received over $10,000 from the Federal Government "in any one year." U.S. v. Simas, 937 F.2d 459, 463 (9th Cir.1991). There was sufficient evidence to allow the jury to find the Sheriff's Department received over $10,000 "in any one year" from the Asset Forfeiture Program, the Prisoner Maintenance Program, or both. U.S. v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (evidence sufficient if any rational trier of fact could find essential elements beyond a reasonable doubt).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties are familiar with the facts and issues, and we will not restate them here. Powe's claim that the tape recording of a conversation with a codefendant, made while Powe was represented by counsel, should have been excluded because it was obtained in violation of California Rule of Professional Conduct 2-100 is addressed in a separate published decision